UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC K. PHILLIPS,

    Plaintiff,

v.                                                      Case No. 16-10529
                                                     HON. DENISE PAGE HOOD

PROTECTIVE INSURANCE
COMPANY, and JOHN DOE,

    Defendants.

_____/

**ORDER GRANTING PROTECTIVE INSURANCE COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT [#15]**

## I.    INTRODUCTION

Plaintiff has filed an uninsured motorist claim and a claim for No-Fault personal injury protection ("PIP") benefits against Defendant Protective Insurance Company ("Defendant") and John Doe for injuries suffered in an automobile accident that occurred on January 23, 2014. Plaintiff filed his action in, and Defendant removed the case from, Wayne County Circuit Court, in early 2016. On November 15, 2016, Defendant filed a Motion for Partial Summary Judgment. [#15] Plaintiff's response was filed nearly six weeks late (and less than a week before the hearing). Defendant filed a reply. A hearing was held on January 25, 2017. For the reasons that follow, the Court grants Defendant's Motion for Partial Summary Judgment.

## II. BACKGROUND

When Plaintiff was involved in the automobile accident on January 23, 2014, he was working as an independent contractor for FedEx. Defendant had issued a policy of insurance for "Certain Independent Contractors Under Lease to FedEx Ground Package System, Inc. d/b/a Home Delivery," pursuant to which Plaintiff was insured. Shortly after the January 23, 2014 accident, Plaintiff filed a claim for workers compensation benefits, and he received workers compensation benefits until an independent medical examination determined that Plaintiff no longer met the criteria for those benefits.

Plaintiff did not make a claim for benefits from Defendant immediately after the January 23, 2014 accident. Plaintiff first requested uninsured or underinsured motorist benefits from Defendant when he filed this lawsuit in Wayne County Circuit Court on January 5, 2016. *See* Dkt. No. 1, PgID 38 ("Response" to "Request to Admit #3). Defendant filed an answer and affirmative defenses in Wayne County Circuit Court on or about January 28, 2016, and removed Plaintiff's cause of action to this Court on February 12, 2016.

## III. APPLICABLE LAW

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenth Radio Corp.,* 475 U.S. 574, 586 (1986) ; *Celotex Corp. v. Caterett,* 477 U.S. 317, 323-24 (1986). Summary Judgement must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material face," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.,* 477 U.S. at 322-23. A court must look at the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

**IV.   ANALYSIS**

Pursuant to the No-Fault Act, the statute of limitations for bringing an action for PIP benefits expires one year after the date of the accident causing the injury. *See* M.C.L. § 500.3145(1), which provides, in relevant part:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.

In this case, it is undisputed that: (1) the injury occurred on January 23, 2014; and (2) Plaintiff did not notify Defendant of his request for uninsured or underinsured motorist benefits until nearly two years later, when he filed this lawsuit on January 5, 2016 and served Defendant on January 11, 2016. The Court finds that those undisputed facts establish that Plaintiff did not commence his action within one year of the date of the accident causing Plaintiff's injury. The Court holds that Plaintiff's claims for No-Fault PIP benefits are barred by the statute of limitations set forth in

M.C.L. § 500.3145(1). The Court grants Defendant's Motion for Partial Summary Judgment and dismisses Plaintiff's claims for No-Fault PIP benefits.

Plaintiff's claims for benefits or expenses also are barred for the period prior to January 5, 2015, pursuant to the "one-year-back rule." As set forth in MCL § 500.3145(1), "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." *See also Hudick v. Hastings Mut. Ins. Co.*, 247 Mich.App. 602, 607 (2001) (citation and internal quotations omitted) ("Pursuant to the one-year-back rule of the statute, even where the period of limitations is tolled under the notice of injury or payment for benefits exceptions, an insured can only recover benefits for losses incurred within one year preceding the commencement of the action."). Accordingly, Plaintiff cannot recover any benefits or expenses incurred prior to January 5, 2015.

Defendant also asserts that any benefits required to be provided by workers compensation must be subtracted from any No-Fault benefits Defendant would have to pay. Defendant relies on M.C.L. § 500.3109(1), which has bee applied with respect to workers compensation benefits. *See Mathis v. Interstate Motor Freight Syst.*, 408 Mich. 164, 187 (1980); *Gregory v. Transamerica Ins. Co.*, 425 Mich. 625, 631-32, 636 (1986) ("The offset statute, and this Court's application of it, reflect a determination that the workers' compensation system should be the primary insurer

with respect to disabilities arising from an automobile accident at work" and "the no-fault insurer remains liable for any benefits due which are greater than the amounts which the workers' compensation system is required by statute to pay to disabled workers").

Based on the foregoing law, Defendant asserts that workers compensation benefits are available to Plaintiff, and Plaintiff should be pursuing those benefits through the workers compensation system.  Defendant maintains that the only No-Fault benefits unavailable to Plaintiff from the workers compensation system (such that Defendant would be solely responsible for them) are household replacement services and any wage loss differential. Citing M.C.L. § 500.3107.

### III.  CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment [#15] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims for No-Fault PIP benefits are dismissed with prejudice.

IT IS ORDERED.

                  S/Denise Page Hood
                  Denise Page Hood
                  Chief Judge, United States District Court

Dated:  March 22, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2017, by electronic and/or ordinary mail.

                                          S/LaShawn R. Saulsberry
                                          Case Manager